UNITED STATES of America, Plaintiff–Appellee,

v.

Rodolfo LOPEZ–CUPA, Defendant–Appellant.

No. 12–30309.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 15, 2013.*

Filed Oct. 21, 2013.

Michael Symington Morgan, Assistant U.S., Helen J. Brunner, Esquire, Assistant U.S., Office of the U.S. Attorney, Seattle, WA, David R. Jennings, Assistant U.S., Office of the U.S. Attorney, Tacoma, WA, for Plaintiff–Appellee.

Phil Brennan, Seattle, WA, for Defendant–Appellant.

Before: FISHER, GOULD, and BYBEE, Circuit Judges.

MEMORANDUM **

Rodolfo Lopez–Cupa appeals from the district court's judgment and challenges

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the 120–month sentence imposed following his guilty-plea conviction for conspiracy to distribute methamphetamine, distribution of methamphetamine, and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lopez–Cupa contends that the district court erred by denying him relief under the safety valve provision of 18 U.S.C. § 3553(f). We review for clear error the district court's factual determination that a defendant is ineligible for safety valve relief. *See United States v. Mejia–Pimental,* 477 F.3d 1100, 1103 (9th Cir.2007). The district court did not clearly err in finding that Lopez–Cupa did not truthfully provide the government all of the information he had regarding the offense. *See* 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5); *United States v. Orm Hieng,* 679 F.3d 1131, 1144–45 (9th Cir.), *cert. denied,* —— U.S. ——, 133 S.Ct. 775, 184 L.Ed.2d 512 (2012). Because a defendant must meet all of the conditions set forth in section 3553(f) to be entitled to safety valve relief, *see United States v. Alba–Flores,* 577 F.3d 1104, 1107 (9th Cir. 2009), the district court properly denied Lopez–Cupa relief.

Lopez–Cupa also contends that the district court erred in applying obstruction of justice and aggravating role adjustments. We need not decide whether the district court erred, because any such error would be harmless. *See United States v. Ali,* 620 F.3d 1062, 1074 (9th Cir.2010). The district court lacked discretion to sentence Lopez–Cupa below the statutory mandatory minimum.

**AFFIRMED.**